# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY M. BLAN, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> CLASSIC LIMOUSINE TRANSPORTATION, ) <br> LLC and JAMES SHENTO, ) <br> Chief Operating Officer ) <br> of Classic Limousine Transportation, LLC, ) <br> in his individual capacity, ) <br> ) <br> Defendant. ) | Case No. <br><br> **COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Anthony M. Blan, by and through his attorneys, Feinstein Doyle Payne & Kravec, LLC, brings this Complaint against Defendants, Classic Limousine Transportation, LLC, and James Shento, Chief Operating Officer of Classic Limousine Transportation, LLC, and alleges as follows:

### I.  INTRODUCTION

1. Plaintiff brings this action for violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and under the common law doctrine of unjust enrichment, to recover unpaid wages, overtime wages, liquidated damages, pre-judgement interest, and all other appropriate relief, to challenge Defendants' unlawful practices in failing to pay him for all of the time he spent working for Defendants as a chauffeur.

## II.     PARTIES

2. Plaintiff Anthony M. Blan is an adult individual, residing in Allegheny County, Pennsylvania.  He is a former employee of Defendants, who Defendants misclassified as an independent contractor.

3. Defendant Classic Limousine Transportation, LLC ("Classic Limousine") is a registered Pennsylvania Limited Liability Corporation with a principal place of business located at 345 Rouser Rd., Coraopolis, Pennsylvania 15108, providing transportation services to Pittsburgh, Allegheny County, and the surrounding area.

4. Defendant James Shento is the Chief Operating Officer of Classic Limousine. Mr. Shento is charged with overall administration of Classic Limousine and has authority over all of Classic Limousine's employees, including Plaintiff, throughout his employment with Classic Limousine.

5. On information and belief, Mr. Shento is responsible for developing, implementing, administering, and overseeing Classic Limousine's policies and practices, including those having to do with wage payment, and compliance with state and federal law, including the FLSA. He also exercises operational control over Classic Limousine and has authority to make decisions on its behalf, including, on information and belief, the power to hire and fire employees, including Plaintiff. Plaintiff believes that Mr. Shento is responsible for initiating and administering the practices complained of in this Complaint, and therefore responsible for the occurrences herein alleged, and Plaintiff's injuries were proximately caused by his conduct. Based on all these factors and others identified in this Complaint, Mr. Shento had authority over Plaintiff, and he was an employer of Plaintiff. Mr. Shento is sued in his personal capacity.

6. Plaintiff is informed and believes, and on that basis alleges, that at all material times, each of Defendants acted as an employer and/or a joint employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d),

### III.   JURISDICTION AND VENUE

7. Plaintiff's claims are brought pursuant to the FLSA, which authorizes lawsuits by private parties to recover damages for violations of its wage and hour provisions, and as such presents a federal question which confers jurisdiction upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's related unjust enrichment claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), as Defendants' place of business is located within this District, the events or omissions giving rise to Plaintiff's claims occurred in this District, and affected persons, including Plaintiff, resided in this District at all material times.

### IV.   STATEMENT OF FACTS

10. Mr. Blan was engaged as a chauffeur for Defendants from April 2016 through October 2018.

11. Defendants intentionally misclassified Plaintiff as an independent contractor, despite Defendants requiring Mr. Blan to adhere to specific dress and grooming rules, exclusively use Defendants' vehicles, gas, insurance, and maintenance services, perform work according to Defendants' policies and procedures, adhere to Defendants' schedule, and work exclusively for Defendants.

12. Defendants' vehicles, which were the only vehicles Mr. Blan was permitted to drive when transporting Defendants' clients, included town cars, sedans, and SUVs. Mr. Blan drove Defendants' town cars, sedans or SUVs every week he was employed by Defendants.

13. Mr. Blan intends to prove in this litigation that he was legally employed by Defendants and is thus entitled to the protections of the FLSA.

14. In the course of employment with Defendants, Mr. Blan worked the number of hours required of him, which regularly exceeded forty (40) hours in a workweek. However, Defendants failed to pay Mr. Blan time and one-half for all hours he worked in excess of forty (40) during a workweek. Defendants also failed to compensate Mr. Blan for certain duties, the vast majority of which he performed during weeks in which he worked in excess of forty hours.

15. Each day Mr. Blan was scheduled to work, Defendants required Mr. Blan to arrive at Defendants' garage where Mr. Blan was to pick-up a vehicle owned by Defendants, which he would then use to drive Defendants' clients to and from designated locations.

16. Defendants paid Mr. Blan at the hourly rate of $5.50 for the time he spent driving Defendants' clients. Defendants rounded up the time compensated to the nearest one hour, where the total trip time was under one hour, and the nearest half hour, where the trip time was over an hour.

17. In addition to the hourly rate, Defendants charged each client a compulsory 18% gratuity of the trip cost paid by the client. Defendants paid Mr. Blan the compulsory 18% gratuity, in addition to the $5.50 hourly rate.

18. Defendants required Mr. Blan to wait for clients at pick-up locations, and to arrive at pick-up locations at least ten minutes, and up to an hour and a half, prior to the time clients were scheduled to be picked-up.

19. After having dropped off a client, Defendants required Mr. Blan to wait for the client at the drop-off location if the client requested that they be driven to other locations the same day.

20. Mr. Blan was required to be on-call for the entire 24 hour day on the days which Defendants scheduled him to work. Specifically, he was required to be in or near Defendants' vehicle, ready to immediately depart to pick up clients when notified by Defendants.

21. Defendants required Mr. Blan to pick-up vehicles and return vehicles to Defendants' garage, as well as clean and maintain Defendants' vehicles at the beginning and end of each day.

22. Defendants did not compensate Mr. Blan for the time he waited for clients at pick-up locations. Mr. Blan waited for clients at pick-up locations every day that he worked for Defendants, and as such, this uncompensated work took place during weeks in which Mr. Blan worked in excess of forty hours.

23. Defendants did not compensate Mr. Blan for the time he maintained on-call status but was not driving a client, specifically the time he had to remain near or in Defendants' vehicles in order to respond immediately when Defendants dispatched him to pick-up a client. Mr. Blan maintained on-call status during weeks in which he worked in excess of forty hours a week.

24. Defendants did not compensate Mr. Blan for the time he spent traveling to pick up clients, returning vehicles to Defendants' garage, and cleaning and maintaining vehicles. Mr. Blan performed these activities daily, and as such, they occurred during weeks in which Mr. Blan worked in excess of forty hours.

25. The work performed by Mr. Blan while he was waiting to be engaged by Defendants, traveling to and from client pick-up locations, waiting for clients at pick-up locations, returning vehicles to Defendants' garage, and cleaning and maintaining vehicles, was integral and indispensable to the work for which Defendants hired Mr. Blan, was for Defendants' benefit, and was required by Defendants as a condition of Mr. Blan's employment.

26. Defendants' actions deprived Mr. Blan of overtime wages for time he worked on behalf of Defendants. As such, Mr. Blan is entitled to recovery of such amounts, attorneys' fees, costs, and other relief.

27. Defendants knew, or should have known, that their conduct deprived Mr. Blan of compensation for time he worked, in violation of the FLSA.

28. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Mr. Blan.

> The records concerning the number of hours actually worked by Mr. Blan, and the compensation paid to him, are in the possession and custody and control of Defendants, and Mr. Blan is unable to state at this time the exact amount due and owed to him. Mr. Blan proposes to obtain such information by appropriate discovery proceedings to be taken in this case and to prove the amounts due at trial.

## COUNT I

### Violation of the FLSA, 29 U.S.C. § 201 *et seq.*

29. Plaintiff incorporates all allegations in the preceding paragraphs.

30. At all times relevant to this matter, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) and Plaintiff was an "employee" pursuant to 29 U.S.C. § 203(e).

31. Defendant Classic Limousine is an enterprise "engaged in commerce" pursuant to 29 U.S.C. § 203(s) of the FLSA.

6

32. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a).

33. The overtime wage provisions set forth in the FLSA apply to Defendants and the position held by Plaintiff was not exempt from the FLSA's overtime compensation requirements.

34. Defendants have engaged in a willful practice of violating the FLSA by failing to compensate Plaintiff for all of his time spent on-call, and the time he spent waiting for clients, driving to and from jobs, and driving to and from the garage, which exceeded forty (40) hours per week.

35. Defendants' conduct in failing and refusing to properly compensate Plaintiff for work performed was willful and not based on any reasonable interpretation of the law.

36. As a result of Defendants' willful acts and violation of the FLSA, Defendants have deprived Plaintiff of overtime compensation, and he is entitled to recovery of such amounts, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

37. Records pertinent to calculating the number of overtime hours worked by Plaintiff and the compensation he is entitled to receive are in the possession and control of Defendants and their agents. Plaintiff, therefore, is unable to state, until discovery is obtained, the amounts owed to him.

## COUNT II

### Restitution Based on Unjust Enrichment

38. Plaintiff incorporates the allegations in the preceding paragraphs.

39. In Pennsylvania, an employee may recover amounts for unpaid time worked under an unjust enrichment theory. *See Braun v. Wal-Mart Stores, Inc.,* 24 A.3d 875, 896 (Pa. Super. 2011) (If "one party has been unjustly enriched at the expense of another, he is required to make restitution to the other. In order to recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied.") (*quoting Meehan v. Cheltenham Twp.*, 189 A.2d 593, 595 (Pa. 1963)).

40. As established *supra*, (1) Defendants benefitted from the unpaid work of Plaintiff and (2) it would be unjust for Defendants to keep the wages related to this work.

41. Thus, Plaintiff is entitled to restitution of the unpaid wages and overtime which are due and owing to him, along with any other relief deemed fair and equitable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. On Count I:

   (i) Declare that Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff; that Defendants failed to pay amounts owed to Plaintiff for time worked; that Defendants' violations were willful; that a three year statute of limitations applies; that Defendants failed to keep accurate records of time worked; that Plaintiff is entitled to be paid overtime for work in excess of 40 hours per week; that the amount of unpaid overtime to which Plaintiff is entitled is to be doubled as liquidated damages and awarded to him;

   (ii) Award Plaintiff damages in the amount of overtime compensation, and any other amounts owed, to be proven at trial;

   (iii) Award Plaintiff liquidated damages in an amount equal to the overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b), or, if

    liquidated damages are not awarded, then in the alternative, prejudgment interest;

  (iv) Award reasonable attorneys' fees and costs;

B. On Count II:

  (i) Award Plaintiff restitution in the amount of their overtime wages, and any other amounts due, including interest thereon;

C. Attorneys' fees and costs of the action;

D. Pre- and post-judgment interest; and

E. That the Court enter such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

              Respectfully submitted,

Dated: July 8, 2019         s/ Edward J. Feinstein
                Edward J. Feinstein (PA No. 29718 )
                efeinstein@fdpklaw.com

                Elizabeth Rabenold (PA No. 58039)
                erabenold@fdpklaw.com
                Ruairi McDonnell (PA No. 316998)
                rmcdonnell@fdpklaw.com
                Emily Wittlinger (PA No. 326284)
                ewittlinger@fdpklaw.com

                **FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**
                Law & Finance Building, Suite 1300
                429 Fourth Avenue
                Pittsburgh, PA 15219-1639
                Tel.: (412) 281-8400
                Fax: (412) 281-1007

                ***ATTORNEYS FOR PLAINTIFF ANTHONY M. BLAN***